```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

```
DOROTHY MURPHY,                  )
                                 )
               Plaintiff,        )
                                 )
     v.                          )    No.  08 C 2027
                                 )
FAIRMONT CARE CENTER,            )
                                 )
               Defendant.        )
```

MEMORANDUM ORDER

Dorothy Murphy ("Murphy") has submitted a self-prepared Complaint of Employment Discrimination, using the form provided by this District Court's Clerk's Office and filling in the requested information in handwriting.  Because Murphy's submission is inadequate in a number of respects, this Court requires some further input to determine the appropriate handling of the case.  This memorandum order is therefore being issued to identify what further items need to be submitted even at this initial stage.

To begin with, Murphy has completed Complaint ¶7.1(b) by stating that she will file a copy of her charge of employment discrimination "within 14 days."  Murphy's compliance with that promise is essential to enable this Court to determine what claims of discrimination by her employer Fairmont Care Center ("Fairmont") she can properly pursue.

Next, Murphy has mistakenly filled in responses to Complaint ¶7.2, which specifically deals only with grievances by employees

of <u>federal</u> governmental agencies.  From those responses it seems likely that Murphy's statement that she "received a Final Agency Decision" on February 8, 2008 probably refers to the required EEOC right-to-sue letter--information that is called for in Complaint ¶8(b), which Murphy has not completed.  In any event Murphy is ordered, within the same 14-day time period, to provide this Court with a copy of the actual right-to-sue letter along with the copy of her original charge of employment discrimination.

   Next, Murphy's responses in her In Forma Pauperis Application ("Application") are unclear because of the confusing way in which she has responded to Application ¶3.a.  Is Murphy saying there that she works so few hours at $9.40 an hour that her monthly earnings come to just $540?  That should be made clear along with the further submissions already called for.

   Finally, Murphy's Motion for Appointment of Counsel ("Motion") is incomplete because she has not filled in the most important information required by our Court of Appeals before such a motion can be granted:  whatever efforts she has made to get a lawyer on her own (see Motion ¶2, calling for that information).  In addition, the way that Murphy has filled out the one-page attachment to the Motion leaves it unclear whether she has or has not previously sued Fairmont, a matter that she

should clear up at the same time.[1]

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  April 14, 2008

---

[1] Because the Motion form is incomplete, this Court is sending another set of the same forms to Murphy so that she can provide a properly-completed Motion.