IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOROTHY MURPHY,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )    No.  08 C 2027
                                         )
FAIRMONT CARE CENTER,                    )
                                         )
                    Defendant.           )

<u>MEMORANDUM ORDER</u>

So far as this Court is aware, this District Court is unique among the federal courts around the country in having established a pro bono program (set out in our LR 83.35 through 83.41) under which members of the trial bar are required--by reason of their membership--to accept appointments to represent pro se litigants in appropriate cases.  This Court's regular practice is to screen pro se complaints in the first instance to determine whether they set out any nonfrivolous claims (without, of course, attempting to engage in a substantive evaluation of the credibility of those claims) and, if the answer is "Yes" and if a properly supported Motion for Appointment of Counsel ("Motion") has been submitted by the pro se plaintiff, to grant the Motion pretty much as a matter of course.[1]

---

[1] That procedure not only benefits the pro se litigant but also serves the interests of justice (1) by facilitating the ability of defendants to deal with cases (because defense counsel are then able to communicate with someone--the appointed lawyer--who understands legal procedures and principles, as the pro se litigant does not) and (2) by better enabling the Court to focus the issues and to move the cases forward.

In this instance this Court appointed J. Matthew Pfeiffer, Esq. ("Pfeiffer") to represent Dorothy Murphy ("Murphy"), who had originally filed a self-prepared Complaint of Employment Discrimination ("self-prepared" in the sense that she had used the form provided by the Clerk's Office and filled in the requested information in handwriting).  But less than two months later attorney Pfeiffer found himself compelled to file a Motion for Relief from Appointment as Counsel--and even though he had given Murphy more than two weeks' advance notice of that motion's July 10, 2008 presentment date via both ordinary mail and certified mail, and even though Murphy had then told counsel that she would appear in court on July 10, she did not do so.  This Court accordingly granted Pfeiffer's motion,[2] but Murphy's absence obviously made it impossible to ascertain her plans for proceeding with her lawsuit.

---

[2]   It is frankly outrageous for someone such as Murphy, who has been provided the benefit of free legal representation, to launch scurrilous charges against the appointed lawyer asserting that he has entered into a conspiracy to defeat her claims.  Just what, pray tell, would motivate appointed counsel (having no prior relationship either with the litigant he has been compelled to represent or with the litigant's adversary) to jeopardize his reputation--and possibly his professional career--in that manner? Murphy's accusations may well cast a shadow on her claims in this case--as Alexander Pope put it in this famous couplet from his Essay on Criticism, part II:

>     All seems infected that th' infected spy,
>     As all looks yellow to the jaundic'd eye.

Despite that possibility, this Court will retain an entirely open mind as to the merits of Murphy's claims.

2

Now Murphy has filled out and submitted (in each instance again using forms provided by the Clerk's Office) a new Motion together with a supporting In Forma Pauperis Application.  Under LR 83.38(b) this Court is vested with discretion either to appoint a second counsel for Murphy or not to issue a further order of appointment.  Given the circumstances described in Pfeiffer's motion, the latter course is clearly preferable (among other reasons because it would be unfair to inflict, on some other member of the trial bar, the risk of becoming the target of similar charges).  Murphy is of course permitted to proceed with her action pro se, as LR 83.38(b) provides.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 17, 2008

3