```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

DOROTHY MURPHY,                    )
                                   )
              Plaintiff,           )
                                   )
     v.                            )    No.  08 C 2027
                                   )
FAIRMONT CARE CENTER,              )
                                   )
              Defendant.           )
```

## MEMORANDUM ORDER

This Court has repeatedly denied, once in a written memorandum order and orally at other times--and it has repeatedly and patiently explained to pro se plaintiff Dorothy Murphy ("Murphy") why it has denied--her efforts to obtain new pro bono counsel to replace the originally appointed counsel. That original counsel was relieved from further representation after having filed a July 10 motion[1] that set out in part:

> 1. Murphy's having accused counsel and his office staff of lying to her about such matters as the scheduling of office appointments and directions to counsel's office, all as part of the alleged conspiracy referred to later in the motion;
>
> 2. Murphy's failure to have explained, despite

---

[1] Although Murphy had told counsel that she planned to appear in court at the time of presentment of his July 10 motion, she did not do so. Since then Murphy has served one notice of a motion seeking reconsideration of the denial referred to in the text--set <u>by</u> <u>her</u> to be heard at 9:15 a.m. July 28--at which she once again did not appear.

repeated efforts on counsel's part to discuss the substance of her claims and to review any documents to substantiate those claims, a sufficient factual basis to establish that the claims are warranted by existing law;

3. Murphy's further failure to comply with counsel's request that she produce all documents in her possession that would help support her position as set out in her pro se Complaint, despite Murphy's having maintained that such documents were in her position;

4. Murphy's having accused counsel of being part of a conspiracy involving defendant Fairmont Care Center ("Fairmont") as well as its counsel and others to undermine Murphy's efforts to pursue her claim; and

5. four separate communications in which Murphy asked the appointed counsel to request the appointment of new counsel to represent her because she viewed the original counsel to be part of an alleged conspiracy with Fairmont and consequently as not representing, or not being capable of representing, Murphy's best interests.

It is worth noting that Murphy is scarcely a stranger to the federal court system. Just a quick search by this Court's minute clerk has disclosed these earlier lawsuits (the judge to whom each case was assigned is listed in parentheses):

02 C 165, Murphy v. Delcardo (Judge Leinenweber)
06 C 521, Murphy v. Pinnacle Healthcare (Judge Manning)

```
06 C 2091, Murphy v. Slack  (Judge Grady)
07 C 6180, Murphy v. LAF    (Judge Shadur)
08 C 860,  Murphy v. Henry  (Judge Manning)
08 C 1410, Murphy v. Gans   (Judge Manning)
08 C 3143, Murphy v. IRS    (Judge Kennelly)
```

This Court has not burdened its minute clerk further by seeking additional information about all of those other lawsuits. But its own retained record in Case No. 07 C 6180 reflects the action's immediate dismissal because Murphy's complaint was legally frivolous, and this Court has noted that a number of the other cases also sustained swift dismissals. In any event, it seems entirely possible (though once again this Court has not pursued the inquiry) that Murphy may well have pursued one or more of those actions without counsel.

That however is beside the mark, for the circumstances here--as this Court has already explained to Murphy--do not call for her being provided the free services of another lawyer. Yet despite those explanations, Murphy persists in her efforts to have replacement counsel appointed, most recently by filing still another In Forma Pauperis Application and still another Motion for Appointment of Counsel on July 31, 2008.[2]

---

[2] There is at least one more disturbing aspect of Murphy's efforts. At the conclusion of the July 23, 2008 hearing on Murphy's then most recent repetition of her motion, the transcript reflects that after this Court had set the time for a responsive pleading and for a next status hearing date, the following colloquy took place:

> MS. MURPHY: Well, I do have an attorney, and he told me to ask for a continuance.

Once again Murphy must understand not only that she has no <u>right</u> to court-appointed counsel but that she cannot abuse the court system through conduct of the type described here. Hence this Court (1) denies Murphy's most recent motion, (2) orders that Murphy desist from any further filings in that respect and (3) notifies Murphy that any violation of that last-stated order will trigger the dismissal of this action with prejudice.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: August 4, 2008

---

      THE COURT: Pardon?

      MS. MURPHY: I do have an attorney. He told me to ask for a continuance.

      THE COURT: He told you to ask for what?

      MS. MURPHY: A continuance.

Murphy's repeated representations that she "do[es] have an attorney" are plainly at odds with her current repeated motions for court-appointed counsel.

[3] This Court has no desire to dispose of Murphy's lawsuit other than on the merits, but if she continues with her persistent efforts to revisit already-decided issues, such a dismissal would be a self-inflicted wound.